**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

IRVIN N. HOYT                                          TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                       FAX (605) 224-9020

May 17, 2006

Curt R. Ewinger, Esq.
Attorney for Debtors
Post Office Box 96
Aberdeen, South Dakota  57402-0096

Glen R. Bruhschwein, Esq.
Attorney for JP Morgan Chase Bank, N.A.
Post Office Box 1097
Dickinson, North Dakota  58602-1097

    Subject:  ***In re Jerold L. Buechler and Amy L. Buechler***
                   Chapter 13; Bankr. No. 05-10227

Dear Counsel:

    The matter before the Court is the objection of JP Morgan Chase Bank, N.A. to Debtors' plan dated January 27, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the objection of JP Morgan Chase Bank, N.A. will be overruled.

    **Summary**.  On December 15, 1999, Jerold L. Buechler and Amy Buechler executed a mortgage with Bank One, NA ("Bank One").[1]  On page 1 of the mortgage, the Buechlers granted Bank One a security interest in their home in Warner, South Dakota and "assigned to [Bank One] all of [their] right, title, and interest in and to all present and future leases of the Property and all Rents from the Property."  On page 3 of the mortgage, the parties agreed:

> Grantor shall have the right, prior to default or abandonment of the Property, to collect and retain the Rents as they become due and payable.  The assignment of Rents contained in this Mortgage shall be effective until the payment of all Indebtedness secured by this Mortgage,

---

    [1] Debtors attached a copy of the mortgage as an exhibit to their Responsive Brief to JP Morgan Chase Bank, NA's Brief in Support of Their Objection to Debtors' Chapter 13 Plan.

Re: *Jerold L. Buechler and Amy L. Buechler*
May 17, 2006
Page 2

or in the event of foreclosure, until the period of redemption expires. Regardless of the extinguishment of the Indebtedness by a foreclosure sale, this benefit shall continue for the benefit of the purchaser at the foreclosure sale.

The Buechlers ("Debtors") filed for relief under chapter 13 of the bankruptcy code on July 21, 2005. In their Chapter 13 Plan dated January 27, 2006, Debtors proposed to modify the terms of the mortgage. JP Morgan Chase Bank, N.A. ("Chase")[2] objected to Debtors' plan, arguing that under 11 U.S.C. § 1322(b)(2), Debtors were not permitted to modify the terms of the mortgage.[3]

**Discussion**. A chapter 13 plan may not modify the rights of a holder of "a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). This Court has previously held that an assignment of rents, such as that found in the mortgage in this case, gives the secured creditor something more than just a security interest in real property and renders the anti-modification provision of § 1322(b)(2) inapplicable. *In re Gregory A. Robinson and Melinda Robinson*, Bankr. No. 04-40674, slip op. at 6 (Bankr. D.S.D. Apr. 4, 2005).

Chase nevertheless argues in its objection to Debtors' plan and its supporting briefs that prior to the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the bankruptcy code lacked clarity.[4] Chase contends it was this lack of clarity that led many courts, including this Court, to misapprehend Congress' intent in drafting § 1322(b)(2). Fortunately, at least according to Chase, BAPCPA's newly added definitions for "debtor's principal residence" and "incidental property" not only demonstrate Congress' intent in adding those definitions, but also clarify its original intent in drafting § 1322(b)(2). According to Chase, it was always Congress' intent mortgages such as the one involved in this case be afforded the protection of § 1322(b)(2).

---

[2] Chase Bank, N.A. is the successor in interest to Bank One, NA.

[3] Bank of the West also objected to Debtors' plan. However, at the February 14, 2006 confirmation hearing, Debtors' attorney reported Bank of the West's objection had been resolved.

[4] Chase is not the first to suggest this.

Re: *Jerold L. Buechler and Amy L. Buechler*
May 17, 2006
Page 3

The Court disagrees.  No matter how carefully it chooses its words, what Chase is really asking the Court to do is retroactively apply the definitions added by BAPCPA.[5]  That the Court cannot do.

> The question of whether a statute operates retroactively or prospectively only is one of legislative intent. Amendatory acts are ordinarily prospective in their operation and will be so construed unless a contrary legislative intent, either express or implied, is clearly shown.
>
> "The usual purpose of a special interpretive statute is to correct a judicial interpretation of a prior law which the legislature determines to be inaccurate.  Where such statutes are given any effect, the effect is prospective only."

*Peony Park v. O'Malley*, 223 F.2d 668, 671 (8th Cir. 1955) (citations omitted).  *See also United States v. Whitney Land Company*, 324 F.2d 33, 38 (8th Cir. 1963) ("Any legislative intent in connection with the 1958 amendment could have little relevancy on the legislative intent asserted in 1954.").

An order overruling Chase's objection will be entered.

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc:   case file (docket original; serve parties in interest)

---

[5] Chase does not appear to disagree with Debtors' assertion that BAPCPA's newly added definitions for "debtor's principal residence" and "incidental property" are among the amendments that did not become effective until October 17, 2005 and do not apply to cases filed before that date.  *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1501, 19 Stat. 23, 216 (2005).